v. Sandvik Mining & Construction, et al., and Detroit Diesel Corporation Argument not to accede. 15 minutes for the plaintiff. 15 minutes to be shared by the defendants. Mr. Collins, you may proceed for the appellant. Good morning, and may it please the Court. My name is Richard Collins. I represent Jeremiah Hunley, the appellant for Sandvik Mining & Construction, et al.,   and I would like to reserve six minutes for rebuttal. There are only a couple of facts that I think need to be recited here, and these are represented on our timeline. As you can see, on October 25, 2010, Mr. Hunley's counsel filed a Notice of Voluntary Dismissal in the Jefferson County Circuit Court. That notice was accompanied by a proposed order of entry not pro ton relating the dismissal back to October 25, 2010. Now, the record will show in, I believe it's Record Entry 46.1, that Mr. Hunley's counsel attempted throughout the day. Did you say that the Notice of Voluntary Dismissal itself said that the dismissal should be done pro ton? No, Your Honor. The Notice of Voluntary Dismissal, according to an affidavit submitted by the Trial Counsel, attempted to locate the judge throughout the day and then left a proposed order not pro ton with the clerk. That notice and the proposed order were served on counsel for the appellees that day, and then later that day, the federal action was filed in the Eastern District of Tennessee based on both federal question and diversity jurisdiction. On November 4, 2010, Sandvik Oye, one of our appellees, filed a motion to strike the Voluntary Dismissal as well as the order. Importantly, they did not argue that the not pro ton language was improper. They merely asserted that Mr. Hunley should not be granted leave to dismiss that state action. Because they wanted dismissal with prejudice, presumably. That's correct. And I guess under Tennessee law, the plaintiff in this sort of doesn't have an automatic right to a without prejudice dismissal. Under some other states and federal rules, you are. I do think there is an automatic right. However, what their argument was that we had filed a motion, they said we filed a motion to dismiss. And that motion to dismiss, which had not been ruled on, they said should have been converted to a motion for summary judgment. If it was converted, then you would have to have leave of court. Now, local rule of the Jefferson County Circuit Court required the appellees to file, submit a proposed order in opposition if they wanted to. They did not do so. And on November 8th, they filed a proposed order in opposition. In the sense that you can't just deny something, you have to have an order of denial? My point being that if they thought that the non pro ton order was improper, they had the ability under the local rules of the Jefferson County Circuit Court to submit their own version of what the order of voluntary dismissal should look like. And they did not. But they don't want any order of voluntary dismissal. None of that point. That's true. On November 8th, 2010, the state court grants the voluntary dismissal non pro ton to October 25th, 2010. Is there any indication that they, you might say, adverted to this language? Because I hadn't focused before on the fact that you had had that language in from the beginning. Right. And is there anything that indicates one way or another that anybody thought about it or the judge finally just got around to signing your order? Well, I think there is for two reasons. Number one, as you can see, when they filed their motion to strike, that order would have crossed the judge's desk a second time. The judge later denies that motion to strike on December 2nd. But on November 8th, 2010, the judge signs the non pro ton order Let me try again here. You just said December. Did you mean December or November? He finally signs the dismissal on November 8th. So why would anything happen in December? He finally gets around to then denying the motion to strike. Even after he's already dismissed the motion? That's right. So it would have crossed his desk twice, is my point. But nothing happened in December to affect the timeline issue. We merely put that date on to demonstrate this very point that the order would have crossed his desk twice. But, of course, our position is regardless of the correctness of the non pro ton entry, the district court was uniquely unqualified to review and reject that non pro ton entry. As a court of limited original jurisdiction, it simply stepped outside its bounds of jurisdiction to undertake the Appellee's invitation to review it, in the first place. So, in any view of it, or is it interpreted? I asked you this. What is the effect of the non pro ton language in a state court order?  Under Tennessee law, Tennessee trial courts have the inherent authority to enter orders and decrees non pro ton. There's no question about this. Now, we understand that Rule 41.013 which deals with voluntary dismissal contains a provision that says the date the clerk enters the order shall govern, or will govern, relevant time periods. And that would include the same in statute. But if you look at Blackburn v. Blackburn, a case incidentally relied upon by the district court in reaching the conclusion that the state court got it wrong in Blackburn, they revisit Rule 59, which deals with how, or excuse me, Rule 58 which deals with how we go about entering orders by the clerk. And that rule had previously said orders of final disposition are effective when they're entered by the clerk, and then another conditional clause, unless otherwise ordered by the court. Well, in 1993 the Rules Commission consolidated several rules and abbreviated Rule 58 and left that latter clause out, unless otherwise ordered by the court. The petitioner in Blackburn argues that means a state trial judge cannot enter a different effective date. And the Blackburn court flatly rejected this and in strong language said that nothing abrogates a state trial court's inherent authority to enter non-protunct orders. Now, that doesn't mean that it's always correct, as Blackburn also demonstrates, but it's which court, which tribunal has the power. So that's the part you didn't say there as Blackburn demonstrated, that's the language that non-protunct should only be granted and be shown that the judgment is the one previously announced and clearly nothing was announced back on October 25th. That's correct but the question is, which tribunal has the authority and ability to review and decide that question? You're saying that once the Tennessee court uses the  Tennessee law as to whether that's... You have to look at the face of the court. Once you go beyond the face of that court and begin to look at what let's see what happened at the state court level, and that's what Judge Phillips, District Judge Phillips did here, he looks at what happened in the state court and says the record does not support non-protunct, therefore it's ineffective. And that is appellate review, de facto appellate review. And that is what a district court is uniquely unqualified to do. And beyond that... That's a good question. Yes. I want to make sure I understand all of your arguments now. What if there was no non-protunct language? Then you would concede that the language of the state statute which says within a year after... Absolutely. It would not work. It seems to me you might argue that within a year after such a date means sometime before that period. Well I think... I think the example of if a teacher says on December 24th you have to get this paper in within five days after Christmas and someone in the class has already turned it in. Does he have to turn it in again? Normally you would say no. But you're not making that kind of argument. Is that right or not? We are. I don't understand. I didn't see where you were making that argument. I see I'm almost out of time. We are making that argument. That argument doesn't require a non-protunct order. It does not. So you have an alternative argument that's not based on a non-protunct order? What I'm suggesting Judge Rogers is that for 15 months this case lay pending in the district court. At any point in time Mr. Hunley could have refiled in state court and we did not receive the decision by the district court until well after even the latest possible date for the savings period had expired. So whether we use November 8th, November 9th, the date it was actually stamped by the state clerk or the non-protunct day at any point. But it says after. It says within a year after X. Does that mean that it can be filed before X? I don't think so. I think it has to be filed after. Within five days after means you can do it before five days after. Then I have another question. The order appealed from here although the time for appealing to us was delayed because there were other parties, the order appealed from here is the statute of limitations dismissal of certain parties. So what if at that point in time there was no federal court jurisdiction then what would we do? I'm going to get to whether there was. My first question is assume there was not. They were not diverse for instance. It's a hypothetical question. What do we do then? Well if they were not diverse then they certainly are now. The court has in every quadrant of the federal circuit system there may not be diversity at the beginning of the case but by the time of trial the court has the discretion to dismiss a non-indispensable party and that could be done here. In fact the one allegedly non-diverse party. To validate an order that was entered when they lacked jurisdiction? Again the court did not lack jurisdiction. So you're saying but if they did then there's a problem. Sure, any time the federal district courts must have jurisdiction in order to I'm just trying to see how you have jurisdiction. I'm looking at your amended complaint now which is the most recent one right? Yes sir. It says plaintiff is a resident of the state of Kentucky and it says defendant is not a resident of Tennessee. How does that show that they're diverse? Well it certainly it says it relies on 1332. There's no question that that was the basis of jurisdiction. I understand but I'm wondering whether it's properly alleged. Well you look at number three and it says defendant is a company incorporated in Delaware. The sole member is incorporated in Delaware and either one has no members. That's a double negative. Either one has no members that are citizens of Tennessee. That's irrelevant when the plaintiff is from Kentucky or is it? Well if I understand what you're what Nate's explaining. The complaint has to allege that there's complete diversity. It does allege. It alleges diversity. Mind you the remaining defendants moved to dismiss that complaint on the same grounds. They said subject matter of jurisdiction and the district court denied that motion. And they allowed you to No a second time. They moved to dismiss the amended complaint and the district court denied that motion and that's not before the court. On what grounds? On the grounds that the complaint pled sufficient. On the grounds that Mr. Hunley was a citizen of Kentucky and that no defendant, ETZ or any other defendant claimed to be a citizen of Kentucky. But the part he just read says no one is a resident of Tennessee. It's not an artful plea and there's no question about that. Well are you just saying it's a typo that it should have said Kentucky instead of Tennessee? If you're looking. Let me explain. When this case was originally filed on October 25, 2010 Mr. Hunley was living in his native Kentucky. However Mr. Hunley had been living for a short time during the pendency of the state court action in Tennessee. When plaintiff's counsel filed the federal action simply took the complaint that it used in the state court. Well it turns out even in discovery requests in the state court the plaintiff had stated that he was back living in his native Kentucky. The defendant sees on this original complaint saying hey we happen to have a new member that is a Tennessee citizen so therefore there's no diversity. At that point plaintiff's counsel realizes oh my goodness he's back in Kentucky and by the way there was a lot of discovery done on the issue of their Tennessee citizenship and I can, the record I think we made very, we established on the record that ETZ was in fact a citizen of Belgium. They were never a citizen of Tennessee. But the point is I don't think we do. I don't think we do because I don't think we do. I was just meant to explain how we got to this point.  Anything else? Thank you. Good morning. I'm Alan Easterly from the Hamilton County Tennessee Bar and represent both of the Sandvicks and we've agreed to split the time 8 minutes, 6 minutes or whatever the court prefers with the co-defendant Detroit Diesel. With regard to the subject matter jurisdiction issue that the court was asking about, the bulk of what was discussed in the appellant's reply brief occurred after the dismissal of the two Sandvicks and Detroit Diesel after the appellants were gone and as the reply brief even says, at the time the dismissal of the remaining defendants was entered into or not the dismissal, the settlement, the subject matter jurisdiction remained open. The dismissal or where this appeal emanates from basically dismissed, we submit Sandvick and Detroit Diesel on two grounds. One was subject matter jurisdiction, the other was statute of limitations, the way the order reads. I didn't know what the order says. I'm sorry? I didn't know what it says. In the first part it says, from me, it says some certain parties, there's statute of limitations. Other parties, there's a jurisdictional problem. At the end, you've now artfully re-characterized it as both of those apply to the first, but that isn't the way the opinion was structured. It was not. Well, we would suggest it could have been worded differently or better but at the end it suggests that the court found there was no subject matter jurisdiction. Subject to further... Well, it says the parties were dismissed, I'll submit, and that he was allowing because there was another reason to dismiss Sandvick and Detroit Diesel, he was allowing the plaintiff to amend the complaint as to Glencore and East Tennessee Center, and if they didn't do it by a certain day, the claim would remain dismissed the whole entire time. As to the statute, either way you have that jurisdiction. That's my understanding, yes, your honor. But he says there is jurisdiction. The issue that Judge Phillips decided was facial. It was one the court was questioning the Phillips counsel about, whether the complaint at the time was properly pled. The meat of the matter, so to speak, when the allegations with regard to whether he was domiciled in Tennessee or Kentucky and at what time he was domiciled in Tennessee or Kentucky didn't really come up as far as discovery or investigation were concerned until after the allegations were dismissed. I thought the issue had to do with the defendants and what they were citizens of. Yes, East Tennessee Zinc, as I recall, if I've got the right Zinc, was an LLC, and it was a question asked of who the members of that LLC were, and one of the members of the LLC was also an LLC. All of those people simply have to be not from Kentucky, is that right? That's correct. There was one of those people. Is it in the allegations that says that they're all not from Kentucky? I don't believe so. Well, it may be in the amended complaint that was filed after we were out, but with what the court read, it didn't specifically plead even the amended complaint. Does it need to? I don't know. I'm not an expert. We submit it does. It needs to be properly pled, otherwise you do not facially have subject matter jurisdiction. As to the issue of the statute of limitations, I think Judge Phillips hit it pretty square on the head. At the time the federal complaint was filed on October 25, 2010, there was still a pending and active state court suit. Nobody disputes that on October 25, 2010, the Tennessee one-year statute of limitations had none. The only way the filing of that complaint in federal court could be timely is if there was something that told the statute of limitations or if the savings statute applied. Under these circumstances, there's nothing and nobody has argued anything that would tell the statute of limitations, and the savings statute is clear with Rule 41.01.3 of Tennessee Rules of Civil Procedure that the triggering event is the entry of the order on the voluntary non-citizen policy for not allowing something to be filed before that. You're talking about an extension of the statute of limitations. Instead, it's a reincarnation of a statutory period during which there's a gap. You can sue from day one to day two, day two to day three. You can't sue day three to day four. You can sue again. But you sued in the middle, you lose. I'm having a hard time seeing why that's consistent with the policies under the statute of limitations. Do you see my question? I think so. My point is that there's two separate periods during which you can sue with a gap period in between. Correct. What's the policy that underlies having a gap period there? When you could sue later if you knew you had to, but you mistakenly thought you didn't have to. I'm not seeing what the underlying purpose of such a scheme is. It's simply the statute says, as far as the savings statute, when the legislature put it into effect, that it had to be after the reversal or arrest. Arrest within the time after. Is the argument that you don't want two suits going at once? That is, if you while it was still pending in Jefferson Court, they could go to some other court three years after the accident, but while this other litigation is still going on? That's correct. That's sort of the idea? Yes, Your Honor. But don't you have a problem with the position of the Tennessee Supreme Court that cases ought to be resolved on the merits? That the court distinctly and repeatedly has said it does not favor the resolution of cases on hyper-technical arguments. I think probably the most succinct statement of that is Henley v. Cobb. Let me just read it to you because I'd like to hear how you think you don't fit within this. It's talking about the savings statute. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the court. You had that. I'm struggling to see how there is any prejudice to you. You knew exactly what the claims were. Isn't this what the Tennessee Supreme Court has clearly said is on hyper-technical procedural grounds that are disfavored in the state of Tennessee? I submit that it's not hyper-technical. The statute of limitations is clear that it's one year. Rule 41 is clear as to what triggers the refiling and that the savings statute, 28-1105, is clear that it's after the reversal or arrest which means the other case is dismissed. It's gone. So you have the whole purpose of this statute is to provide notice to defendants so they know what the claim is against them. And you've gotten that. And now I'm struggling to see how this whole case appears to hinge on the single rural word after. Because under Judge Rogers suggestion, it would be like I filed my paper before the 24th and I'm going home for Christmas. And just because the teacher says it has to be filed after today and before the end of the year, the paper's there. The litigation is there. You've gotten all the notice. The parties know it. Everybody knows what the claims are. And it seems to me that the Tennessee Supreme Court has spoken to this. There are cases in which they have extended time frames based on this very analogy. Why is your case not an appropriate one for that? I don't recall the case, but I believe there is one that we cite in our brief where the court suggested that sometimes there may be harsh results. These are the rules with regard to the statute of limitations. And more importantly, your opposing counsel declines to make this argument. Correct. And it hasn't been raised before today. As a practical matter, at the time the suit was filed, it was not timely. There was nothing to save it or protect it. And for 14 days, it remained so. The affidavit of plaintiff's own counsel says that the judge never received or saw the order at any time on October 25. And lastly, the order of entry does not say what they keep saying it says. It clearly says enter this 8th day of November 2010. Well, just to get back to the potential legal point under your adversary base, they seem to argue that once the word non-pro trunc is in the Tennessee court's document, no matter what the rest of it, we're powerless under River Feldman to interpret that. Can you address that point? Because that seems to be, we're sort of fencing about other things, but that was really the merits of his position was not to say that there really was an entry on October 25th. But since the Tennessee courts say there is, we can't redo it. Appellant even suggests in their brief, I think more than once, that River Feldman is a stretch on this case. And as I understand River Feldman, you have to have a case that's brought by a state court loser. You don't have that in this instance. It's got to be complaining of injuries caused by a state court judgment. We don't have that here. It's got to be rendered before the district court proceedings commenced and it was not. And it's got to be providing review of the district court to review and reject the judgment, which our district court did not do. He simply read it and applied it as any case under Tennessee law would have. Do you want to give your co-counsel time to do anything more for this counsel? If not, thank you. Thank you. Good morning. I'm Rick Phillips on behalf of Detroit Diesel Corporation. First, to address Judge Rogers' question about the order and the subject matter, our diversity issue and the dismissal of the other defendants, Sandick and Detroit Diesel, for the lack of diversity. The memorandum, Judge Phillips' memorandum, did go through it and highlight. He just didn't pick ETZ and their LLC issue. He highlighted all the defendants and discussed the various relationships of those defendants as pled. And his final conclusion in the memorandum said plaintiff's jurisdictional allegations are deficient. Now, the order did say that the plaintiff could amend and refile against. That's after the issue, after the order had issued. This is Judge Phillips' memorandum order. When in the sequence he entered the order you're talking about right now? When he dismissed Detroit Diesel for the statute of limitations, Detroit Diesel and Sandick for the statute of limitations, and he dismissed the entire complaint for there not being a diversity property claim, this would have been in the... I can't see the chart. Is it before or after the order that's at issue in this case? It's after the state court order. This is back in, I think it was 2011. The state court order is 2010. November 8, 2010 is when the state court... It's an order that says the statute of limitations is not met. That's correct. Is it before or after that order? It's the same order. I'm sorry, it's the same order. What happened was all the defendants pled various motions, and they were pending in the federal court. Then he gave them, in that same order, the chance to go and leave properly. The defendants that were the non-statute of limitations dismissed defendants, that is correct. But my only point was, he didn't just say... He wasn't just addressing those other defendants. He was addressing the entire complaint when he said diversity was not proper. I believe you're correct when you were reading through... Now you were looking at the amenity complaint, which was after we were dismissed and we were not involved. But in the prior... I'm not sure exactly how it works down there in the trial court, but you would think that if there isn't a proper pleading, it can be corrected or cured. Non-pro-tunk, if you will. But let's not get into that. You can come up with information which shows that you had jurisdiction all along. And that would comfort us with the idea that there was jurisdiction all along. Here, nothing was provided later which comforts the reviewing court that there was jurisdiction all along. That's why I was looking at the second order. The second order might have been... The second amended complaint might have cured the problem and indicated that yes, there was jurisdiction all along. But it didn't do that. I agree. It did not do it. And I don't believe... It's not a good part of the record here. And I don't believe... And again, we were not involved. What did the court then do? Was there another order after that? That's just about what I was about to say. We were not involved. And it's not part of the record. But I don't think that there was an order ever entered because the case was settled prior to the judge taking that up. So there was never a second order saying there still is no jurisdiction or there is jurisdiction? I'm not aware of a second order. Thank you. I think it is clear here. I mean, the plaintiff has conceded in his arguments. There is no argument that the TCA 28-1-105 cannot say a complaint filed before a complaint is dismissed. I mean, that is clear. Tennessee law is clear on that. We also have a very clear very clear... No, but they're not arguing that. I'm not sure it's that clear. But they're not arguing it, so we don't need to bring it up. Is that right? They have not. So I'm assuming it is conceded. And we have a very clear rule in Tennessee Rules of Procedure 41.013 and that specifically states that it's the entry of the order of dismissal. That's what governs the running of pertinent time frames. And even that advisory committee's comment on that even specifically references 28-1-105, that that's what governs that time period. So you have to have the order. And so, and plaintiff also concedes that the Tennessee case law, the non-proton, that Judge Phillips relied upon is accurate. I mean, there is no argument that the non-proton language, that you can't just put non-proton and therefore it is. It has to be what the court intended it to be. And there has to be some type of facts for that to substantiate it. It can't be from an advance of counsel. It can't, I mean, even that Blackburn case, all these cases say that there must be some reason where the judge, I mean, I think it was the Blackburn case where the judge even thought that, well, my whole course of history would be to announce that that's going to be when it is dismissed. But because there wasn't an actual notation in the record that showed that the court intended for that to happen, it wasn't non-proton. Maybe I'm confused at this point. Could plaintiffs have filed the federal suit after the order was finally entered? After it was proposed and then there was like two week delay and then it was finally entered by the state? November 8th or 9th, I think it's really technically the 9th. Did they then file the federal court? Yes. They just didn't do it? Yes. For a whole year? This problem never occurred during that time? It was raised or pointed out to them? We filed them. We filed them. The motions dismissed were pending. There were motions dismissed that were filed in federal court. When they got back, did they then just turn around and file them? Perhaps in the state court. Why couldn't they file them in federal court? I think they would have had to non-suit this case and refile it and then they would have the ability to file another lawsuit. Reiterate that. Suppose they woke up one morning and realized that they had messed up in January or February and said, oh, okay, we're going to file another suit. We could non-suit the first one or we could file the second one. Would the second one have been timely because it would then clearly have been within a year after the Tennessee voluntary dismissal? That's what I meant to ask. I believe there was a prior federal suit that was filed by plaintiffs. You might have some kind of racial issue to cover. Collateral estoppel problem. But on the timeliness issue, would that be timely? Well, just as far as the time frame, it would be. But I don't think that they would still have the ability to file another lawsuit. Why not? Because they had – this would have been their third lawsuit in federal court. Well, you just don't – I mean, the two were premature. You file two premature lawsuits and they get thrown out as premature. That doesn't necessarily mean you can't file one that's now in essence. Unless you have some doctor who says that. Well, I think the first one wasn't premature. The first one they – I didn't know how the first one was even relevant to all of this. You were talking about the second one. The second one wasn't thrown out because there was an earlier one that was thrown out. No, no, no. You're correct. I'm just talking about the effect of the second one. The effect of the second one is that it was filed too early, basically, because it was filed in this window between when they could have originally filed it. Well, and it is – and as – Under this revival statute where it doesn't extend the statute of limitations but rather reinstates it for a period, which is the way we're all agreeing the statute works, it would seem like if you file it early because it wasn't right yet or whatever you want to call it, then when it does become fileable, you ought to be able to file it. The argument that the question helps you because they didn't do it, but I wonder why you're resisting the fact that they could do it. No, I'm not resisting. I'm not saying – I'm saying that they could. They could. They could have filed it. They could have filed it, but I'm not sure that that would – You were saying a minute ago they couldn't, so that's confusing. No, I – Was I correct against your argument? Well, unless you said that they could file it from a timeliness point of view, then you might or might not have had collateral estoppel, res judicata, explicative, blah, blah, blah, but we just don't know that. That's not – There's a lot of issues that – I mean, I'm not really sure, and I've not looked at that, but I think that you could. They didn't do it. You don't need them. That's what they're doing. Exactly. What about the practical issue? What about the position of businesses trying to think that we decide cases on their merits and not on hypothetical decisions? I'm thinking that not only do we have this clear statement that's been repeated throughout the Tennessee Supreme Court's jurisprudence, but we've got examples of the Tennessee Courts of Appeals extending the savings years by 120 days on medical malpractice on the same premise. We want to decide cases on the merits. You already have all the notice. There's no prejudice. What is your response to that? Well, but I do think there's – and I don't have – I can't recite cases for you, but I do believe that there are a litany of cases holding that the statute of limitations and the savings statute, they are what they are. And we have – for example, I know of the Lynn v. Beeman case. You know, that one, they allow the plaintiff to file a product liability claim against the dealership for – after the savings statute had run. But it was because they had a new cause of action because of the insolvency of the manufacturer. And that fell under the product liability statute. But then again, in that same case, they dismissed the negligence claim against the dealer because it was well after the statute – the savings statute. They didn't allow them. And so they have – they feel that they have – It's a procedure. It's a procedure that applies, and if you didn't get it, too bad. And I believe that's accurate. I mean, that's why we have the rules that we have, is to keep from forum-shopping additional – multiple lawsuits being filed in various courts and everything because this prevents that, and you have to abide by the limitations set. Thank you, counsel. Allen, you have the remaining time for rebuttal. Sure. Carlos, I may have to egg him on this, but let me be clear about this. If the court finds that the district court stayed within the bounds of its limited original jurisdiction in reviewing the Snook-Croton order, then I would argue that because the limitations behind the statute were fulfilled here, district courts, as courts of equity and of law, have the power, and so does this court, to allow – to extend the savings period in the event it finds that the Snook-Croton order was not effective. And so I do adopt – Extended backwards? Pardon? Extended backwards? Well, the court – as a court of equity, it can extend it any way – which way it wishes to do so, but the point is your equity argument would be exactly the same if you had filed it a month earlier. If you woke up one morning and said, oh, let's file a federal report, and a couple of months from now, we'll dismiss the state act, it'd be the same, wouldn't it? It may be, but relying on the Snook-Croton entry, Plaintiff's counsel filed this action, which he believed to be timely. The appellees took no effort in the state court – they could have filed a Rule 59 post-judgment motion, they could have appealed that Snook-Croton entry, but they didn't. Instead, after those deadlines had expired, they filed motions to dismiss and invited the district court to say that Snook-Croton is not probable. Was that within the year that they filed that? It was within the year that they filed their motion. It shows, within the year, that there was a problem with this sequence of things. I don't think that that came through very clear, because there were a lot of arguments. At that point, of course, ETZ was arguing that it was suddenly a Tennessee citizen. That's another issue. You have a problem with the timing. It sounds like you do have a problem with the timing. I think, again, I'm asking, you're arguing equity now. We can look at the things that are equitable. If you knew or had notice that you were within a period in which you could file, but what you did file was filed when you couldn't file, then couldn't you non-suit that and file again? It seems like a lot of effort, just a need of formality, but you could have done it. It could have, but in terms of equity, I don't think that we can expect a plaintiff in this scenario to anticipate that a federal district court would step outside the bounds of its original jurisdiction and overrule state court. Let's look at what Judge Felley said. What would you argue if we rejected that argument? Because it's pretty tenuous, I've got to say. As I say, I would argue that the purposes underlying the same statute were met in this case. There's no question about it. They were not prejudiced in any way. So that you're now just saying that even though it wasn't met, it should be allowed. Yes, the balance of equity clearly saw another non-proton argument other than Rooker-Feldman. Now, Rooker-Feldman is just an example. My non-proton argument stands for 28 U.S.C. 1257, which says that only the United States Supreme Court has the authority to review decisions from the state courts and then only I'm calling that Rooker-Feldman. Well then, yes. I don't know about my colleagues. It was tenuous all right. I'm trying to see what your remaining argument is. What I'm getting is if the literal words of the statute say this is late, we'll just have an equitable exception to the lateness of this Yes, Your Honor, that is my second argument, but I think that going back to the Rooker-Feldman Well, if you look at the statute, let's look at the statute. The same statute itself says within one year of arrest or reversal, okay? After arrest or reversal. But let's look at the notice of voluntary dismissal. Plaintiffs had an absolute right at that point to take a notice of voluntary dismissal. You know, the purpose of going, you said they had an absolute right that being that they were just preposterous and violent in opposition? Your right was absolute. Well, I think so, but they could argue that what they were arguing was that that motion of dismissal we found was really a motion for summary judgment. They were not objecting to our, I mean somewhat splitting hairs, but the point is, you know, once that notice of voluntary dismissal was filed under prior rules, at least in Tennessee, there was no following order. And they entered, the order 41.013 was adopted because confusion arose because sometime later, maybe a year later, a court would come about, enter an order. Just like in this case, when the stipulation of dismissal prejudice was entered, it arguably you just called it a stipulation. With ETZ, which is the triggering final judgment. Ideally, there would have been an order following that, but there wasn't. And we used that date for purposes of the notice of appeal, but there was no guarantee and if I were in the western district of Tennessee, I would have seen an order because that's that court's practice, but it's not in the eastern district, as I've learned. So, you know, what the argument would be, besides equity, is that if you look at the notice of voluntary dismissal, that was the date. And then on top of that, you have this non-protunct entry that, correct or not, was outside the reviewability of the district court. And if there's any question about that, you have to err on the side of the court did not have jurisdiction. Parsons Bill v. First Alabama Bank teaches us that. If there's any question, you have to err on the side of not starting a state court decision. Thank you.